**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Howarth,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States Marshal Service,<br><br>　　　　Defendant. | No. CV-21-02054-PHX-ESW<br><br>**ORDER** |

On Dec. 6, 2021, Plaintiff filed a pro se Complaint alleging discrimination (Doc. 1). Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The case was assigned to a Magistrate Judge.

On January 6, 2022, the Court issued an Order directing the Plaintiff to show cause no later than January 20, 2022 why he should not be sanctioned or held in contempt of court pursuant to title 18 U.S.C. § 401 for failing to comply with Rule 3.7(b) of the Local Rules of Civil Procedure by failing to timely file a written Consent form indicating his election that the case be assigned to a District Judge or his consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(2) and Fed. R. Civ. P. 73(b). (Doc. 5 at 2). The Order was mailed to the Plaintiff at his address of record. The Plaintiff did not respond, and the time to do so has passed. The Order was not returned to sender.

**A. Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2)**

The district court may permit indigent litigants to proceed in forma pauperis upon

completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Plaintiff has declared under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support his application. Given Plaintiff's lack of income and the absence of any significant assets, Plaintiff has met his burden of proof. The Court finds the Plaintiff to be indigent, and his Application (Doc. 2) will be granted.

**B. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C.§ 1915(e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v.*

1  *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must
2  be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting
3  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

4      If the Court determines that a pleading could be cured by the allegation of other
5  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
6  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It
7  is also clear that section 1915(e) not only permits but requires a district court to dismiss an
8  in forma pauperis complaint that fails to state a claim." *Id*. at 1127.

9      **C. Analysis**

10     As a basis for federal jurisdiction, Plaintiff alleges "religious discrimination" with
11 no reference to statutory or other legal authority (Doc.1 at 3). Regarding the amount in
12 controversy, Plaintiff states: "The USA Marshalls service contracts with Centerra of
13 Constellis & on 12/6/2021 this contractor has a person by the name of Todd was rude to
14 me at 401 W. Washinton [sic] at the check in station was not wearing a full face covering
15 at 401 W. Washington St." (Id. at 4). In his statement of the claim, Plaintiff adds:
16 "Religious Discrimination of me because of my religion of Islam & religious dress of a
17 Muslim (myself) & rude to me, because of my religious Islamic scarf." (Id.) The
18 Complaint fails to comply with Rule 8, Fed. R. Civ. P. The Complaint form as submitted
19 is not sufficient to state a cause of action against a defendant in U.S. District Court.
20 Plaintiff's Complaint fails because Plaintiff does not allege any facts or law from which
21 the Court can find that it has subject matter jurisdiction over his case. Nor has Plaintiff
22 stated any facts sufficient to state a claim against the named Defendant for which relief
23 may be granted. Therefore, the Complaint will be dismissed.

24     **D. Leave to Amend**

25     For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
26 a claim upon which relief may be granted. No later than February 22, 2022, Plaintiff may
27 submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must
28 clearly designate on the face of the document that it is the "First Amended Complaint." A

first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik,* 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the law Plaintiff believes Defendant did not follow; (2) the name of the Defendant who Plaintiff is suing; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct and the relief Plaintiff seeks. *See Rizzo v. Goode,* 423 U.S. 362, 377 (1976). Plaintiff must repeat this process for each person or entity he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants has violated a right are not acceptable and will be dismissed.

Plaintiff must also allege subject matter jurisdiction by either showing his claim involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000, or a question of federal law, identifying the specific claim and what statute or law applies, if any.

**E. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**F. Conclusion**

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that if Plaintiff Robert Howarth fails to file the appropriate election form by 5:00 p.m. on February 15, 2022, Plaintiff Robert Howarth shall telephonically appear before Magistrate Judge Eileen S. Willett of the Phoenix Division of this Court by calling 1-866-390-1828 and entering passcode 9558982# on **March 2, 2022 at 10:00 a.m.** and show good cause for his failure to comply with Local Rule 3.7(b).  The show cause hearing before the Magistrate Judge will be automatically vacated and the Plaintiff need not telephonically appear if the Plaintiff files a completed election form by the 5:00 p.m. February 15, 2022.  The Clerk of Court shall mail to the Plaintiff at his address of record a third election form.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed with permission to file a First Amended Complaint no later than February 22, 2022.  If Plaintiff does not timely file a First Amended Complaint, the case will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, he shall not serve it on Defendant until and unless the Court screens the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  If and when the Court gives Plaintiff leave to serve a First Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 26th day of January, 2022.

_____
Honorable Eileen S. Willett
United States Magistrate Judge