**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Howarth, | No. CV-21-02054-PHX-ESW |
| Plaintiff, | **REPORT AND RECOMMENDATION AND ORDER** |
| v. | |
| United States Marshal Service, | |
| Defendant. | |

**TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

This matter was filed and assigned to the Magistrate Judge on December 6, 2021. (Doc. 3). No "Consent to Exercise of Jurisdiction by United States Magistrate Judge" election form was timely filed. On January 6, 2022, the undersigned issued an Order (Doc. 5 at 2) requiring that Plaintiff shall show cause in writing on or before January 20, 2022, why he should not be sanctioned or be held in contempt of court pursuant to title 18 U.S.C. § 401 for failing to comply with Rule 3.7(b) of the Local Rules of Civil Procedure. A second Consent to Exercise of Jurisdiction by United States Magistrate Judge form was mailed to Plaintiff at his address of record. Plaintiff failed to timely file the form. On January 26, 2022, the Magistrate Judge further granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), screened and dismissed Plaintiff's Complaint (Doc. 1) for failure to state a cause of action, and ordered Plaintiff to

file a First Amended Complaint correcting all deficiencies noted no later than February 22, 2022 (Doc. 6 at 5). A third Consent to Exercise of Jurisdiction by United States Magistrate Judge form also was mailed to Plaintiff with a filing deadline of February 15, 2022 (*Id.*). Plaintiff failed to timely file either a First Amended Complaint or a Consent to Exercise of Jurisdiction by United States Magistrate Judge form.

The Court may conclude that Plaintiff has received the Court's Orders (Docs. 5, 6) and election forms as no mail was returned to sender. Plaintiff has not responded to the Court's Orders (Docs. 5, 6) as of the date of filing this Report and Recommendation, and the time to do so has passed. The Magistrate Judge will recommend that the case be dismissed without prejudice.

## DISCUSSION

Pursuant to Rule 3.7(a) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, all civil cases are randomly assigned to a United States District Judge or to a United States Magistrate Judge. This matter has been assigned to the undersigned United States Magistrate Judge. If and only if all named parties consent in writing, the case will, pursuant to 28 U.S.C. § 636(c)(1), remain with the assigned Magistrate Judge for all purposes, including a trial, if necessary, and the final entry of judgment. If any party chooses the District Judge option, the case will automatically and immediately be randomly reassigned to a District Judge. Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. See 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b). Section 636(c) requires that the parties' decision be communicated to the Clerk of the Court, and Rule 73(b) of the Federal Rules of Civil Procedure provides: "To signify their consent, the parties must jointly or separately file a statement consenting to the referral." To either consent to the jurisdiction of the assigned Magistrate Judge or to elect to have the case heard before a District Judge, the appropriate section of the relevant form (entitled "Consent to Exercise of Jurisdiction by United States Magistrate Judge") must be completed, signed, served on all parties of record, and filed with the Court. Each party must file a completed consent form no later than 14 days after

they have entered an appearance in the matter.  LRCiv 3.7(b).

The Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471-482, mandates the early and on-going judicial management of the pretrial process.  Pursuant to this mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner."  *Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co.,* 142 F.R.D. 420, 423 (D. Del. 1992).  Additionally, all federal judges are subject to the requirement of Rule 1, Federal Rules of Civil Procedure, that the Rules "be construed to secure the just, speedy and inexpensive determination of every action."  *See also Herbert v. Lando,* 441 U.S. 153, 177 (1979).  Plaintiffs have the general duty to prosecute their case.  *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.,* 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court.").

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629- 31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing.  *Link,* 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice

1    and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.

2    1990).

3       Here, the first, second, and third factors favor dismissal of this case. Plaintiff's

4    failure to respond to the Court's order to show cause (Doc. 5) and order to file a First

5    Amended Complaint (Doc. 6) prevents the case from proceeding in the foreseeable future.

6    The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court

7    to consider whether a less drastic alternative is available.  The undersigned finds that only

8    one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for

9    failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order

10    states otherwise."  The Court may dismiss the case without prejudice.  Despite three

11    opportunities to timely file an election form, Plaintiff has failed to do so.  Nor has Plaintiff

12    filed a First Amended Complaint.  The Court may conclude that Plaintiff has abandoned

13    this litigation.

**CONCLUSION**

15       Accordingly,

16    **IT IS RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be dismissed without

17    prejudice for failure to abide by the Court's Orders (Docs. 5, 6) and failure to prosecute the

18    case.  The Court may direct the Clerk of Court to terminate the file.

19    **IT IS ORDERED** vacating the Order to Show Cause hearing set for March 2, 2022

20    at 10:00 a.m.

21       Dated this 1st day of March, 2022.

_____
Honorable Eileen S. Willett
United States Magistrate Judge